```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTHUR FRANCIS,

                            Petitioner,

            -against-


WARDEN OF BAKER COUNTY DETENTION
CENTER,

                            Respondent.
------------------------------------------------------------X
```

DECISION AND ORDER
14 CV 5895 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 2, 2014, Petitioner Arthur Francis, currently held at the Baker County Detention Center, a United States Immigration and Customs Enforcement (ICE) detention center in Macclenny, Florida, filed the instant *pro se* 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus challenging his 1993 Queens County conviction.[1] The Court grants Petitioner's motion to proceed *in forma pauperis* solely for the purpose of this Order. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this Petition and, for the reason set forth below, determined that the Court lacks jurisdiction over this Petition.

## BACKGROUND

Petitioner is challenging his 1993 conviction in the Supreme Court for the State of New York, Queens County, for attempted sale of a controlled substance in the third degree. Petition at ¶ 4. Plaintiff alleges that he pled guilty to the charges and that, on or about on July 6, 1993, he was sentenced to a term of imprisonment of one to three years. *Id.* at ¶¶ 2-3. That sentence has fully expired and Petitioner is no longer in custody pursuant to this conviction. He now argues that he

---

[1] Petitioner previously filed a Petition for a writ of error *coram nobis* seeking to vacate the same conviction, which this Court denied by order dated May 30, 2014. *See Francis v. United States*, 14-CV-2613 (WFK), Dkt. 8. Moreover, Petitioner also filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging two Queens County convictions from 2004 and 2006, which this Court dismissed by order dated March 10, 2014, as Petitioner was no longer in custody pursuant to those convictions. *See Francis v. United States*, 14-CV-1400 (WFK), Dkt. 4.

would not have pled guilty if he was aware of the deportation consequences of his plea.[2]

## DISCUSSION

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a). "This provision 'requires that the habeas Petitioner be 'in custody' under the conviction or sentence under attack at the time his Petition is filed.'" *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)). When a Petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the Petitioner is no longer "in custody" pursuant to that conviction. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). The Second Circuit has explicitly held that "immigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas Petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254." *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008).

Petitioner's sentence for the 1993 conviction has expired, and Petitioner is now in custody solely on the basis of the immigration consequences of his conviction. Therefore, this Court lacks jurisdiction over his Petition. *See Owuor v. Viator ex rel. New York*, No. 12-CV-4338, 2012 WL 3930554, at *2 (E.D.N.Y. Sept. 10, 2012) (Matsumoto, J.) (holding that the court had no jurisdiction over Petitioner's claim where sentence for underlying conviction had expired and petitioner was in custody solely pursuant to order of removal); *Guzman v. United States*, No. 11-CV-2433, 2011 WL 6097128, at *3–4 (S.D.N.Y. Dec. 7, 2011) (Sweet, J.) (dismissing § 2255 habeas petition because "collateral immigration consequences of . . . petitioner's conviction are not sufficient to satisfy [the] jurisdictional requirement" and collecting cases). To the extent Petitioner is arguing that his convictions do not render him

---

[2] Petitioner has also filed an "Emergency Motion for Judgment on the Pleadings." *See* Dkt. 5. This motion appears to be little more than an attempt to obtain an expedited ruling on his Petition as the briefing on his deportation proceedings in the United States Court of Appeals for the Eleventh Circuit nears completion.

removable, this Court likewise has no jurisdiction over that claim. *See* 8 U.S.C. § 1252(a)(5) ("[A] Petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]").

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED. Furthermore, Petitioner's Emergency Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), *see* Dkt. 5, is also DENIED.

A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly and close the case. The Clerk of Court shall also provide Petitioner with notice and a copy of this Order.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 15, 2014
Brooklyn, New York