UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARTHUR FRANCIS,

                Petitioner,

   -against-

DECISION AND ORDER
14 CV 5895 (WFK)

WARDEN OF BAKER COUNTY DETENTION
CENTER,

                Respondent.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, UNITED STATES DISTRICT JUDGE:**

Petitioner Arthur Francis is being held at the Baker County Detention Center, a United States Immigration and Customs Enforcement (ICE) detention center in Macclenny, Florida. Petitioner's deportation proceedings are currently pending before the United States Court of Appeals for the Eleventh Circuit.

Petitioner has filed three actions with this Court in 2014. Petitioner first filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging two Supreme Court, Queens County convictions from 2004 and 2006, which this Court dismissed by Order dated March 10, 2014. *See Francis v. United States*, 14-CV-1400 (WFK), Dkt. 4 (dismissing the action for lack of jurisdiction as Petitioner was no longer in custody pursuant to those convictions). Petitioner then filed a Petition for a writ of error *coram nobis* seeking to vacate a different 1993 conviction in Queens County for attempted sale of a controlled substance in the third degree. *See Francis v. United States*, 14-CV-2613 (WFK), Dkt. 1. That action was dismissed by this Court for want of jurisdiction by Order dated May 30, 2014. *Id.*, Dkt. 8.

On October 2, 2014, Petitioner initiated this action seeking a Writ of Habeas Corpus

—1—

pursuant to 28 U.S.C. § 2254 for the 1993 Queens County conviction. *See Francis v. Warden of Baker Cnty. Det. Ctr.*, 14-CV-5895 (WFK), Dkt. 1. Petitioner subsequently filed an "Emergency Motion for Judgment on the Pleadings." *See id.*, Dkt. 5. The Court denied both the Petition and the motion, holding that it had no jurisdiction to review the 1993 conviction. *Id.*, Dkt. 6 at 2–3. The Court explained that when a petitioner is "in custody solely on the basis of the immigration consequences of his conviction," the federal district court lacks jurisdiction over the habeas petition. *Id.* at 2 (citing *Owuor v. Viator ex rel. New York*, No. 12-CV-4338, 2012 WL 3930554, at *2 (E.D.N.Y. Sept. 10, 2012) (Matsumoto, J.) (holding that the court had no jurisdiction over a petitioner's claim where sentence for underlying conviction had expired and petitioner was in custody solely pursuant to order of removal)). The Clerk of the Court closed the case and provided Petitioner with notice of the Order. *Id.*, Dkt. 7. Furthermore, a certificate of appealability did not issue because the Court held that any appeal would not have been taken in good faith. *Id.*, Dkt. 6 at 3.

On October 21, 2014, despite this action being closed, Petitioner filed an "Emergency Skeletal Motion for a Stay or Injunction." *Id.*, Dkt. 10. Petitioner requests that the Court "grant an Order directing the United States Department of Homeland Security ("DHS") and its subordinate, the United States Immigration and Customs Enforcement ("ICE") to stay removal of [Petitioner] from the United States." *Id.* at 1. However, despite the hardships Petitioner's family will face if he is deported, the Court still lacks jurisdiction to consider a habeas petition when the petitioner is no longer in custody for the conviction in question. *See Lackawanna Cnty. Dist. Att. v. Cross*, 532 U.S. 394, 401–02 (2001) (holding that when a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged under § 2254 because the petitioner is no longer "in custody" pursuant to that conviction). As this Court has previously reiterated to Petitioner, the Second

Circuit has explicitly held that "immigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas [p]etitions challenging a state court conviction pursuant to 28 U.S.C. § 2254." *Ogunwomqju v. United States*, 512 F.3d 69, 70, 74–75 (2d Cir. 2008).

Accordingly, this Court lacks jurisdiction to consider Petitioner's motion.

## CONCLUSION

For the foregoing reasons, Petitioner's "Emergency Skeletal Motion for a Stay or Injunction" is DENIED. Dkt. 10. Furthermore, Petitioner's Consent and Reference to a Magistrate Judge, Dkt. 9, is DENIED AS MOOT.

This action shall remain closed. Petitioner is admonished that that any future filings in this action should be directed, as part of any appeal, to the United States Court of Appeals for the Second Circuit. The Clerk of Court is respectfully directed to provide Petitioner with notice and a copy of this Order.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 22, 2014
Brooklyn, New York